UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMY BOWER,

                              Plaintiff,

                                                    Case # 16-CV-219-FPG

v.

                                                    DECISION AND ORDER

NANCY A. BERRYHILL,[1]
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

Amy Bower ("Plaintiff") brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her Supplemental Security Income ("SSI") application under Title XVI. ECF No. 1.

On June 22, 2016, the Commissioner moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 9. The Commissioner argues that this case must be dismissed because it is untimely pursuant to 42 U.S.C. § 405(g). *Id.* In opposition, Plaintiff argues that she is entitled to equitable tolling of the statute of limitations. ECF No. 11. For the reasons that follow, the Commissioner's motion to dismiss is DENIED.

## BACKGROUND

On October 23, 2015, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's ("ALJ") denial of her SSI claim. ECF No. 1-5, at 1. The Appeals Council's letter informed Plaintiff that she had 60 days to file a civil action seeking federal court review. *Id.* at 2-3. On December 9, 2015, Plaintiff's attorney requested that the Appeals Council grant her more time to file a federal lawsuit. ECF No. 1, at ¶ 2. On March 14, 2016, Plaintiff

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

commenced this action even though the statute of limitations had expired and the Appeals Council had not yet responded to her extension of time request. *Id.* On April 13, 2016, the Appeals Council denied Plaintiff's request for more time to file a civil action.[2] ECF No. 9-3, at 25.

## DISCUSSION

### I.      Motion to Dismiss Standard

"A motion to dismiss on statute of limitations grounds is generally treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Farrell v. Berryhill*, No. 16-CV-509-LJV-MJR, 2017 WL 3142097, at *3 (W.D.N.Y. May 16, 2017), *report and recommendation adopted*, 2017 WL 3141109 (W.D.N.Y. July 24, 2017). In reviewing a Rule 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

### II.     Timeliness

A claimant who wishes to appeal the Commissioner's denial of Social Security benefits must do so within 60 days after he or she receives notice of the Commissioner's final decision or "within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

---

[2]      A court ordinarily may not rely on matters outside the complaint when it decides a Rule 12(b)(6) motion unless it treats the motion as one for summary judgment under Rule 56 and gives the parties a reasonable opportunity to present relevant evidence. Fed. R. Civ. P. 12(d). However, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation marks and citations omitted). Here, Plaintiff's Complaint specifically references her extension of time request to the Appeals Council and therefore the Court will consider the Appeals Council's subsequent denial letter.

The 60-day period begins five days after the date on the Notice of Appeals Council Action letter. *See* 20 C.F.R. §§ 404.981, 422.210(c).

The Supreme Court has explained that the 60-day limit is "a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). "This 60-day statute of limitations, however, cannot be read in isolation; it is contained in a statute that Congress designed to be 'unusually protective' of claimants." *Aschettino v. Sullivan*, 724 F. Supp. 1116, 1117 (W.D.N.Y. 1989) (citing *Heckler v. Day*, 467 U.S. 104, 106 (1984)). "Moreover, Congress itself has authorized the Secretary to toll the 60-day limit under certain circumstances, thus expressing its clear intention to allow tolling in some cases." *Id.* (quotation marks and citations omitted).

Here, the Commissioner's decision became final on October 23, 2015, when the Appeals Council denied her request for review. The statute of limitations began to run five days later, on October 28, 2015. Therefore, Plaintiff was required to file her complaint by December 28, 2015. However, Plaintiff did not commence this action until March 14, 2016, and therefore it is undisputed that she failed to bring this action within 60 days of the Commissioner's final decision. Thus, the issue is whether Plaintiff is entitled to equitable tolling.

Plaintiff argues that she is entitled to equitable tolling because she timely requested an extension of time to file this action and the Appeals Council did not respond until after the statute of limitations had expired.[3] ECF No. 11 at 14-20. Counsel also asserts that in other Social Security matters, the Appeals Council has advised him that it routinely grants timely requests for extensions of time. *Id.* at 3-4. The Commissioner argues that neither Plaintiff's timely extension of time

---

[3] Plaintiff advances other arguments that she believes warrant equitable tolling of the statute of limitations. ECF No. 11 at 4-14. However, the Court will not address those arguments because it denies the Commissioner's motion based on the Appeals Council's delay in responding to Plaintiff's extension of time request.

request nor the Appeals Council's delayed response constitute good cause for tolling the statute of limitations.  ECF No 9-1 at 4-8.

The Supreme Court has explained that although equitable relief is extended "only sparingly," it is often allowed in situations "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citations omitted).  Thus, although the Commissioner typically determines whether to extend the time to commence a federal action, "cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate," like when misleading conduct is involved.  *Aschettino*, 724 F. Supp. at 1117 (quotation marks and citation omitted); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) ("Equitable tolling thus far has been allowed only in those cases where the Government has hindered a claimant's attempts to exercise [his] rights by acting in a misleading or clandestine way.").  In some cases, equitable tolling may be appropriate where the claimant timely requests an extension of time to file a civil action but does not receive a response from the Appeals Council until after the statute of limitations has expired.  *See, e.g.*, *Aschettino*, 724 F. Supp. at 1117-18; *Rivera-Gonzalez v. Astrue*, No. 8:11-CV-172-T-30EAJ, 2011 WL 2434071, at *1-2 (M.D. Fla. June 16, 2011); *Jorgensen v. Colvin*, No. 16-CV-1025 (JRT/SER), 2017 WL 431777, at *5-6 (D. Minn. Jan. 9, 2017), *report and recommendation adopted*, No. CV 16-1025 (JRT/SER), 2017 WL 424854 (D. Minn. Jan. 31, 2017).

Courts in this district and other circuits have been presented with similar factual scenarios and have found for and against equitable tolling.  *See, e.g.*, *Sahu v. Astrue*, 321 F. App'x 529, 529 (8th Cir. 2009) (affirming dismissal by the district court because the plaintiff failed to timely file a civil action after she received an extension of time from the Appeals Council); *Korfe v. Astrue*,

No. 09-3163 (ADM/JJG), 2010 WL 2399694, at *2 (D. Minn. May 25, 2010) (granting the Commissioner's motion to dismiss where the plaintiff received an extension of time to file her civil action but then failed to comply with the extension deadline); *Vazquez v. Colvin*, No. EDCV 14-00910-DFM, 2014 WL 5761133, at *3 (C.D. Cal. Nov. 5, 2014) (refusing to extend the limitations period where the plaintiff requested more time from the Appeals Council one day before the statute of limitations expired); *but see Aschettino*, 724 F. Supp. at 1117-18 (holding that equitable tolling was appropriate because the plaintiff timely requested an extension of time but did not receive a response until after the statutory period expired); *Rivera-Gonzalez*, 2011 WL 2434071, at *2 (holding that equitable tolling was appropriate because the Appeals Council's failure to respond to the plaintiff's extension request suggested that the Commissioner provided the plaintiff with "misleading information"); *Jorgensen*, 2017 WL 431777, at *5-6 (holding that equitable tolling was appropriate because the plaintiff timely requested an extension of time but did not receive a response until after the statutory period expired).

This case is distinguishable from *Sahu*, *Korfe*, and *Vazquez* and is more factually analogous to *Aschettino*, *Rivera-Gonzalez*, and *Jorgensen*. Thus, the Court finds the latter cases more persuasive for its analysis. In *Sahu* and *Korfe*, the plaintiffs requested and were granted more time from the Appeals Council to file a civil action, but they failed to do so within the extension period. *See Sahu*, 321 F. App'x at 529; *Korfe*, 2010 WL 2399694, at *2. In *Vazquez*, the plaintiff faxed his request for an extension of time to the Appeals Council merely one day before the limitations period expired. *Vazquez*, 2014 WL 5761133, at *3.

Here, like the plaintiffs in *Aschettino*, *Rivera-Gonzalez*, and *Jorgensen*, Plaintiff timely requested an extension of time to file her federal action. *See Aschettino*, 724 F. Supp. at 1117; *Rivera-Gonzalez*, 2011 WL 2434071, at *1; *Jorgensen*, 2017 WL 431777, at *5. Also like the

plaintiffs in those cases, Plaintiff did not receive a response from the Appeals Council until several months after the 60-day limitations period had expired. *See Aschettino*, 724 F. Supp. at 1117-18 (Appeals Council denied extension of time request nearly five months after the statute of limitations expired); *Rivera-Gonzales*, 2011 WL 2434071, at *2 (Appeals Council had not responded to extension of time request as of the date of the court's decision, which at that time was about five months after the statute of limitations expired); *Jorgensen*, 2017 WL 431777, at *2 (Appeals Council denied extension of time request over four months after the statute of limitations expired).

Moreover, the operative language in the Appeals Council's letter denying review of the ALJ's decision is the same here as it was in *Rivera-Gonzalez* and *Jorgensen*. The letters state that the claimant may ask for more time to file a federal action and that the Appeals Council "will send you a letter telling you whether your request for more time has been granted." ECF No. 9-3 at 21; *Rivera-Gonzalez*, 2011 WL 2434071, at *1; *Jorgensen*, 2017 WL 431777, at *5.

The *Rivera-Gonzalez* court reasoned that this language "suggests that the Appeals Council will respond to the request and is silent on the issue of whether the appeal should be filed during the pendency of the request." *Rivera-Gonzalez*, 2011 WL 2434071, at *1. The court concluded that the Appeals Council's failure to respond to the plaintiff's extension of time request, especially given the language in the denial letter which "implies that the Appeals Council will consider the request and provide notice of its decision," suggested that the Commissioner provided the plaintiff with "misleading information." *Id.* at *2. Similarly, the *Jorgensen* court concluded that it is "reasonable to find this language misleading" and that "one could assume from this language that the [Appeals Council] would provide a timely response." *Jorgensen*, 2017 WL 431777, at *5.

Accordingly, in light of Plaintiff's timely extension of time request, the Appeals Council's delayed response, the language in the Notice of Appeals Council Action letter, and the cases discussed above, the Court concludes that Plaintiff is entitled to equitable tolling.

## CONCLUSION

For the reasons stated, the Commissioner's Motion to Dismiss (ECF No. 9) is DENIED. The parties should refer to Local Rule of Civil Procedure 5.5 to determine the filing deadlines for the transcript and dispositive motions in this matter.


IT IS SO ORDERED.

Dated: September 14, 2017
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court